### Barbara SHADE

v.

### Edwina A. BUTLER and Asch & Shade, Inc.

### No. 97–413–A.

Supreme Court of Rhode Island.

Jan. 16, 1998.

Norman H. Knickle.

Joseph R. Palumbo, Jr., Middletown.

### ORDER

The defendant, Edwina A. Butler, appeals from a judgment entered pursuant to Super.R.Civ.P. 54(b) in favor of the plaintiff, Barbara Shade in this dispute over the value of certain corporate shares. These parties were the sole shareholders of the defendant corporation, Asch & Shade, Inc., which operates a restaurant known as Melville Grille in Portsmouth, Rhode Island. The restaurant opened for business on March 15, 1996. Almost immediately, the parties' business relationship began to deteriorate, and on May 15, 1996 the plaintiff filed for dissolution of the corporation pursuant to G.L. 1956 (1992 Reenactment) § 7–1.1–90(a)(1).

In response, the defendant elected to purchase the plaintiffs shares of the corporation pursuant to § 7–1.1–90.1. A panel of appraisers was appointed by the Superior Court and ultimately assessed the value of the shares at § 160.000. In a supplemental report, the appraisers explained that they had used fair market value as of the close of business on May 15, 1996 as the standard of valuation. They said they had considered the effect of the filing of the dissolution petition on the value of the business, but concluded that the restaurant's operations and profitability were not adversely affected. Based on this supplemental report, the trial judge ordered the defendant to purchase the plaintiff's shares of Asch & Shade, Inc. for $80,000.

The defendant filed the instant appeal, and now suggests that the appraisers should have discounted the value of the shares based on the filing of the dissolution petition. More specifically, she asserts that because the plaintiff filed for dissolution, and was therefore prepared to accept her pro rata share of the dissolution proceeds, she should now accept the equivalent of half of the liquidation value of the corporation as the value of her shares.

The defendant relies to a great extent on *Charland v. Country View Golf Club,* 588 A.2d 609 (R.I.1991), in which this court was asked to determine whether a minority shareholder had received fair value for his shares pursuant to § 7–1.1–90.1. In making that determination, we decided that neither a minority discount nor a lack-of-marketability discount had to be applied to the valuation of the shares. We pointed out the contrast between § 7–1.1–90.1 and the equivalent statute in New York, which requires fair value to be assessed as of the end of business on the day *before* a dissolution petition is filed. Unlike the New York statute, § 7–1.1–90.1 requires valuation to be made as of the close of business on the day the dissolution petition is filed. We noted that § 7–1.1–90.1 specifically allows for consideration of the filing of the petition. *Charland,* 588 A.2d at 613.

The defendant now contends that *Charland* supports her position that the filing of the petition to dissolve the corporation resulted in a diminution of value of the shares. Indeed, she asserts that once the petition was filed, the fair value of the shares was the price that would have been received in liquidation proceedings had the corporation been dissolved. We disagree. *Charland* merely states that, unlike the New York statute, the Rhode Island statute allows for consideration of the filing of the petition as one of the valuation factors. It does not imply that commencement of a shareholder dissolution petition changes the standard of valuation

from a fair market standard to a forced liquidation standard. It is clear that the appraisers in this case considered the impact of the petition on the value of the shares and determined that it had not diminished the value of the shares. Appraisers are generally given wide discretion to consider all relevant factors in determining the fair market value. See *Jeffrey v. American Screw Co.*, 98 R.I. 286, 201 A.2d 146 (1964).

We find no abuse of discretion on the part of the appraisers in this case, and no error on the part of the trial judge in accepting their valuation. For the foregoing reasons, the defendant's appeal is denied and dismissed, the judgment is affirmed, and the papers are remanded to the Superior Court.

BOURCIER, J., did not participate.